144 So. 143

## CANE CREEK COAL MINING CO. v. BRADEN.

### 6 Div. 310.

Court of Appeals of Alabama.
Nov. 1, 1932.

John S. Stone, of Birmingham, and J. Carl Shepherd, of Berry, and W. W. Bankhead, of Jasper, for appellant.

J. J. Ray, of Jasper, for appellee.
Brief did not reach the Reporter.

SAMFORD, J.

The plaintiff cultivated some seven acres of bottom land adjoining Cane creek. The defendant maintained and operated a coal washer on a smaller creek flowing into Cane creek some four miles above plaintiff's land. On this same small creek, the Brilliant Coal Company maintained and operated a coal washer. These washers had been in operation from two to three years before the acts

complained of by plaintiff resulted in damage. The plaintiff alleged in his complaint that defendant, through its agents, etc., dumped large quantities of coal, coal dust, coal slack, cinders, and other débris from its coal mine and washer into the creek, and, by reason of such action on the part of defendant, the débris, etc., caused the channel of Cane creek to become filled, clogged, or choked, and caused the flow of the water to be impeded, and caused the creek more readily to overflow its banks and plaintiff's lands; that it did by reason of said obstruction overflow, depositing large quantities of débris from said mines on to plaintiff's lands, making them wet and destroying plaintiff's crops. The evidence for plaintiff tended to prove his case as alleged; that is, that defendant maintained a coal washer on the small stream running into Cane creek; that from this washer there was put into the stream large quantities of waste and coal dust; that it tended to clog the stream running through plaintiff's land; that such clogging did cause the creek to more readily overflow during heavy rains; that as a proximate result of such clogging it did overflow at the time alleged; and that such overflow did destroy plaintiff's crops. The value of the crops was proven.

It is contended, however, by appellant that, while all this may be true, the evidence shows without conflict that the Brilliant Coal Company also maintained and operated a coal washer on the same creek, and that there was and is a concurrent liability on that company for a proportionate part of the damage, and that the burden rested upon plaintiff to prove what part of the damage was done by the tort of this defendant, and that there was no such evidence.

■ If this contention is borne out by the record, the point would be well taken. If the coal dust and other débris was deposited from different washers and by different companies, with no concert of action in the torts, the one would not be liable for the tort of the other, and the burden would be on plaintiff to prove the damage done by each. Jones v. Tenn. Coal, Iron & R. Co., 202 Ala. 381, 80 So. 463; City of Mansfield v. Bristor, 76 Ohio St. 270, 81 N. E. 631, 10 L. R. A. (N. S.) 806, 118 Am. St. Rep. 852, 10 Ann. Cas. 767. But in this case there is evidence of the quantity of coal mined and washed by defendant and the Brilliant Coal Company and the time these mines run. From these facts it was a question for the jury to fix the amount of damage done by the wrong of this defendant.

Charges 1, 2, and 3 were properly refused.

■ Charges 7, 6, 8, and 11, are substantially covered in the oral charge of the court and in charges given at the request of defendant.

■■ Charges 14 and 16 ignore that part of the evidence tending to prove the clogging of Cane creek.

Rulings of the court on the evidence are evidenced by the following statement of the court:

■■ "In this case, some of the witnesses for the defendant, on yesterday's examination, were asked to describe the condition of the bed of Cane Creek, that was referred to in the evidence, as to whether or not there had been some logs and trees and different things piled up there in a part of the bed of the creek so as to impede or stop the natural flow of the water. You heard their testimony on that. And in addition to those questions, some of the witnesses were further asked what effect that stoppage in the creek would have on the water where heavy rains or floods came, and the plaintiff's attorney objected to their making the statement, or drawing the conclusion, or giving their opinion as to what effect it would have. In other words, that it would be improper for them to say that the condition there would impede the flow of the water, or would cause the water there to rise above the banks, or it would cause the water to rise above that place. At the time the testimony was given, and at the time the objections were made I had the opinion that that evidence was legal; that it was permissible for the witnesses to say what effect on the flow of the water the conditions there would have. I got to studying about the matter, and it is now my opinion that that testimony is not legal; that it is for the jury to say what effect the impediment, the island or whatever you may term the logs, trees and timbers, whatever it may be—what effect it would have on it. In other words, it is for you to say and not the witnesses to say what effect it would have on it and I am now sustaining the objections of plaintiff's lawyer to those questions and am sustaining his motion to exclude the answers of these several witnesses who gave their opinion or stated what the effect of that impediment, if there was such in the creek bed, would have upon the water flowing down the creek, and as to whether or not it would cause the water to rise and whether or not it would cause the water to overflow the banks of the creek and go out on the lands that the plaintiff had rented, or any other lands so far as that is concerned. That is for you gentlemen to say, under all the evidence in the case, what the truth is.

"Of course, I don't mean to say, by my ruling, that the island, or the logs or trees wouldn't cause the water to choke up and overflow, but I am merely holding that it is not for the witnesses to say, but for them to give a description of the conditions and for you to say what the effect would be."

These rulings were free from error. Facts should be stated to the jury, and from them the jury draws conclusion. This rule obtains in all cases except in certain scientific instances not necessary here to mention.

Following the well-known rule of presumptions in favor of trial courts, we hold that the motion for a new trial is properly overruled.

The judgment is affirmed.

Affirmed.